Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| GP STRATEGIES CORPORATION<br><br>Recurrido<br><br>V.<br><br>MUNICIPIO DE MOROVIS Y CARMEN MALDONADO GONZÁLEZ EN SU CAPACIDAD DE ALCALDESA DEL MUNICIPIO DE MOROVIS<br><br>Peticionaria | KLCE202301196 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2022CV00708 (404)<br><br>Sobre: COBRO DE DINERO; INCUMPLIMIENTO DE CONTRATO; DAÑOS CONTRACTUALES |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

El peticionario, Municipio de Morovis, solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar la demanda en su contra.

La recurrida, GP Strategies Corporation, presentó su oposición al recurso.

Los hechos esenciales para comprender la determinación que hoy alcanzamos se incluyen a continuación.

## I.

El 25 de abril de 2022, la recurrida presentó una demanda por cobro de dinero, incumplimiento de contrato y daños y solicitó la expedición de emplazamientos y la fijación de fianza de no residente.

El 26 de abril de 2022, el TPI expidió los emplazamientos, se dio por enterado de la *Solicitud de Fijación de Fianza de No Residente* e informó que dispondría oportunamente.

Número Identificador

SEN2023_____

El 24 de enero de 2023, la representación legal de la recurrida presentó una moción de renuncia. El 25 de enero de 2023, el TPI autorizó la renuncia y le concedió 45 días para comparecer con nueva representación legal.

El 9 de marzo de 2023, la nueva representación legal de la recurrida cumplió con lo ordenado, presentó una solicitud de demanda enmendada y la expedición de emplazamientos. El 10 de marzo de 2023, el TPI aceptó la demanda enmendada y ordenó la expedición de los emplazamientos que se realizó el 16 de marzo de 2023.

El 23 de marzo de 2023, la recurrida presentó *Moción sobre Fianza de No Residente*, por el mínimo reglamentario de mil dólares ($1,000.00). El TPI tomó conocimiento ese mismo día y registró en autos el recibo de la consignación. El 31 de marzo de 2023, la recurrida acreditó que los emplazamientos se diligenciaron el 29 de marzo de 2023. El TPI tomó conocimiento el 3 de abril de 2023.

El peticionario pidió la desestimación de la demanda, porque el emplazamiento no se diligenció en el término de 120 días establecido en ley.

La recurrida se opuso, porque es un demandante no residente y la Regla 69.5, *supra*, condiciona su acceso al tribunal local al pago de una fianza. Invocó la aplicación de *Martajeva v. Ferré Morris y otros,* 210 DPR 612, 622 (2022), donde se resolvió que el término para emplazar se interrumpió hasta la prestación de la fianza de no residente.

El 28 de septiembre de 2023, el TPI declaró HA LUGAR la *Oposición a la Moción de Desestimación* y SIN LUGAR, *la Moción de Desestimación.* El TPI redujo la controversia a determinar, si el término para diligenciar los emplazamientos se paralizó, por la solicitud de la demandante de la fijación de una fianza de no residente. El TPI resolvió que ese término quedó paralizado, debido al

carácter mandatorio de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V. El tribunal determinó que la regla citada le privó de discreción para eximir a la demandante de prestar la fianza de no residente y continuar con los procedimientos. Según el TPI, el término para diligenciar los emplazamientos se suspendió el 26 de abril de 2022 hasta el 23 de marzo de 2023, cuando fijó y aceptó la fianza de no residente y la recurrida la consignó. Por eso resolvió que la demandante diligenció los emplazamientos oportunamente el 29 de marzo de 2023.

Inconforme, la peticionaria presentó este recurso en el que alega que:

> ERRÓ EL TPI AL RESOLVER, EN CONTRAVENCIÓN A LAS REGLAS 4.3 (c) Y 69.5 DE PROCEDIMIENTO CIVIL, QUE EL TÉRMINO DE 120 DÍAS QUE TENÍA GP STRATEGIES PARA DILIGENCIAR LOS EMPLAZAMIENTOS AL MUNICIPIO QUEDÓ SUSPENDIDO DESDE EL 26 DE ABRIL DE 2022 HASTA EL 23 DE MARZO DE 2023.

## II

### A. Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios; *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil. Advertimos que esta Regla ha sufrido modificaciones a través del

tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de certiorari solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.
>
> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ha de quedar claro que la denegatoria a expedir un recurso de certiorari no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Sino que responde al ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Los tribunales apelativos no debemos intervenir en las determinaciones del foro primario a menos que se demuestre que el juzgador: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.     El Término para Diligenciar los Emplazamientos**

La Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, requiere que el emplazamiento se diligencie dentro del término de ciento veinte días a partir de la presentación de la demanda o de la fecha de expedición de emplazamientos por edicto. El término de 120 días para emplazar personalmente al demandado es improrrogable y comienza una vez la Secretaria del tribunal ordena la expedición de los emplazamientos. *Sánchez Báez v. Higueras Pérez,* 203 DPR 982, 991-

992 (2020). El tribunal desestimará la demanda sin perjuicio, cuando ha transcurrido dicho término sin que se hayan diligenciado los emplazamientos. Una segunda desestimación por el mismo fundamento constituye una adjudicación en sus méritos. Regla 4.3(c) de Procedimiento Civil, *supra.*

## C. La Fianza de Demandante no Residente

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, protege a quienes son demandados por personas que no son residentes de Puerto Rico. La intención del legislador es que el demandado que prevalezca en esos casos recupere las costas, gastos y honorarios de su defensa. La fianza de no residente desalienta los litigios frívolos e inmeritorios. Su cumplimiento es mandatorio y todo procedimiento queda suspendido hasta su prestación. El tribunal solo tiene discreción para establecer su cuantía, pero no puede ser inferior de mil dólares. *Martajeva v. Ferré Morris y otros,* supra, págs. 622-623.

El Tribunal Supremo de Puerto Rico resolvió en *Martajeva v. Ferré Morris y otros,* supra, págs. 628-629, que el término de ciento veinte (120) días para diligenciar los emplazamientos se paraliza hasta la prestación de la fianza de no residente. Nuestro más Alto Foro judicial local concluyó que el texto de la Regla 69.5, *supra,* es claro. El legislador comunicó cabalmente su intención de suspender todos los procedimientos judiciales hasta la prestación de la fianza. La suspensión decretada al amparo de la Regla 69.5 de Procedimiento Civil, *supra,* incluye el término de 120 días para diligenciar los emplazamientos establecido en la Regla 4.3 (c) de Procedimiento Civil, *supra.* El término para emplazar queda en pausa cuando el tribunal decreta la suspensión de los procedimientos hasta el pago de la fianza de no residente. Los procedimientos se reanudarán nuevamente, luego de que el demandante no residente paga la fianza. El Tribunal Supremo aclaró que la paralización no tiene el efecto de prorrogar dicho término, por lo que no comienza nuevamente a partir de la

fianza. El efecto de la paralización establecida es virtud de la Regla 69.5 de Procedimiento Civil, *supra*, es que detiene el plazo con los días que hayan transcurrido. Una vez se deja sin efecto la suspensión de los procedimientos, el término continua su decurso desde donde se quedó cuando ocurrió la suspensión.

Según determinó el Tribunal Supremo de Puerto Rico en *Martajeva v. Ferré Morris y otros,* supra, el término para diligenciar los emplazamientos:

> (1) queda en pausa desde que el tribunal suspende los procedimientos hasta que la demandante presta la fianza.

> (2) se detiene en el momento en el que el tribunal ordena la prestación la fianza, pero se descuentan los días del término transcurridos a esa fecha.

> (3) continua su decurso donde se quedó, una vez el demandante paga la fianza.

### III

La Regla 52.1, *supra*, nos permite atender este recurso porque la peticionaria solicita revisión de la denegatoria de una moción de carácter dispositivo. Nuestra intervención es necesaria para subsanar el abuso de discreción y error de derecho que cometió el foro primario al negarse a desestimar la demanda.

Las controversias se reducen a determinar cuándo comenzó a decursar y finalizó el término de 120 días para diligenciar los emplazamientos y si la solicitud de fianza de no residente tuvo algún efecto sobre dicho término.

El peticionario alega que el término para emplazar comenzó el 26 de abril de 2022, cuando el TPI ordenó la expedición de los emplazamientos. Sostiene que dicho término no se paralizó, porque ese foro nunca ordenó la prestación de la fianza de no residente. El peticionario argumenta que procede la desestimación porque la demandante se cruzó de brazos y no diligenció los emplazamientos dentro del término establecido. Según el Municipio, la demanda tiene

que desestimarse porque el término para emplazar venció, debido a que el tribunal nunca emitió una orden de prestación de fianza de no residente que lo paralizara.

La recurrida aduce que el plazo para emplazar se paralizó el 25 de abril de 2022, cuando presentó la demanda y pidió la fijación de una fianza de no residente. GP Strategies sostiene que en la alternativa se paralizó, el 26 de abril de 2022, cuando el tribunal se dio por enterado e informó que atendería el asunto oportunamente.

El Municipio tiene razón. El error señalado fue cometido. La desestimación procede. El término para emplazar venció, porque los emplazamientos no se diligenciaron dentro de los 120 días. Los emplazamientos se expidieron el 26 de abril de 2022. Sin embargo, se diligenciaron el 29 de marzo de 2023, vencido el término de 120 días.

La solicitud de la demandante para que el tribunal le impusiera una fianza de no residente no tiene ningún efecto sobre dicho término. El Tribunal Supremo de Puerto Rico ha sido claro en que la paralización comienza, cuando el tribunal ordena el pago de la fianza de no residente. El plazo para emplazar no se suspendió, porque el TPI no ordenó el pago de la fianza de no residente en este caso. El 26 de abril de 2022 se limitó a darse por enterado de la *Solicitud de Fijación de Fianza de No Residente* y a informar que dispondría del asunto oportunamente.

La falta de la diligencia de la demandante, además, es evidente. Los emplazamientos fueron expedidos el 26 de abril de 2022. La demandante se cruzó de brazos y no hizo gestión alguna para diligenciarlos dentro del término de 120 días. No obstante, el 9 de marzo de 2023 presentó una demanda enmendada y aprovechó la oportunidad para solicitar nuevamente la expedición de emplazamientos. El TPI abusó de su discreción porque el 10 de marzo de 2023 ordenó, sin razón alguna, la expedición de nuevos emplazamientos. El foro primario pasó por alto que, el 26 de abril de

2022, ya había ordenado su expedición y que la demandante no diligenció los emplazamientos dentro del término establecido en ley. GP Strategies diligenció los emplazamientos el 29 de marzo de 2023. El TPI estaba obligado a desestimar la demanda porque a esa fecha había transcurrido, por mucho, el término de 120 días para diligenciar los emplazamientos.

La fianza de no residente no puede ser utilizada para subsanar la falta de celeridad de la demandante en diligenciar los emplazamientos. Su propósito es beneficiar al demandado victorioso en un pleito presentado por un demandante no residente. Así podrá recuperar los gastos del pleito, cuando la demanda no prosperó. *Martajeva v. Ferré Morris y otros,* supra.

**IV**

Por lo antes expuesto, se expide el recurso, se revoca la resolución recurrida y se desestima la demanda porque el emplazamiento no se diligenció dentro del término de 120 días establecido en ley.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Domínguez Irizarry concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones